IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAFAEL RAMOS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 3:17-cv-885 |
| | § | |
| GREYHOUND LINES, INC., | § | |
| | § | |
| *Defendant*. | § | |

### DEFENDANT'S NOTICE OF REMOVAL

Defendant Greyhound Lines, Inc. ("Defendant" or "Greyhound") files this Notice of Removal, and respectfully states:

### I.
### FACTUAL BACKGROUND & PROCEDURAL HISTORY

1. On February 14, 2017, Plaintiff Rafael Ramos ("Plaintiff") filed his Original Petition (the "Original Petition") in the 193rd Judicial District Court of Dallas County, Texas, styled *Rafael Ramos v. Greyhound Lines, Inc.*, Cause No. DC-17-01853 (the "State Court Action").

2. In accordance with 28 U.S.C. § 1446(a) and LR 81.1, the Appendix in support of Defendant's Notice of Removal ("APP."), filed concurrently herewith, contains true and correct copies of all process, pleadings and orders served upon Defendant in the State Court Action; an index of all documents identifying each document and corresponding date each document was filed; and a copy of the state court docket sheet. *See* APP. 1-2. Defendant is also contemporaneously filing a separately signed certificate of interested persons that complies with LR 3.1(c).

3.   In his Original Petition, Plaintiff pleads various causes of action, including ones for age and disability discrimination. *See* APP. 3-9. Based on Plaintiff's claims for age and disability discrimination, along with Plaintiff's repeated reliance and factual allegations relating to the Family Medical Leave Act (the "FMLA") and alleged interference with protected leave, and retaliation for taking protected leave, this matter involves a federal question. *See, e.g., Rodriguez v. Sunmount Corp.*, No. 4:06-CV-70 (E.D. Tex. May 17, 2006) (attached hereto as <u>Exhibit 6</u>) (finding that "a federal question plainly exists on the face of Plaintiff's Original Petition[,]" where Plaintiff's Petition stated that his claims were brought "pursuant to § 451.001 of the Texas Labor Code for discharge and/or discrimination in his employment by his employer... because Plaintiff filed a workers' compensation claim in good faith and/or because Plaintiff requested medical leave under the Family Medical Leave Act."). In *Rodriguez*, where the factual allegations are virtually identical to the ones at issue here, the Court held that "Plaintiff states a claim, however inartfully, for Retaliatory Discharge under the FMLA. He even specifically mentions the federal statute. Plaintiff does not cite the statute or clearly address the nature of the violation, but he nonetheless states a claim for Retaliatory Discharge under the FMLA." *Id*. at 4.

4.   On March 2, 2017, Defendant was served with a copy of Plaintiff's Original Petition. *See* APP. 3-9.

5.   On March 24, 2017, Defendant timely filed its Original Answer and Affirmative Defenses to Plaintiff's Original Petition in the State Court Action. *See* APP. 14-19.

6.   Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is being filed within thirty days after Defendant was served the Original Petition.

7.   Removal is proper to this Federal District Court and division because it

embraces Dallas County, Texas, the place in which the State Court Action is pending.

8.   Defendant will provide prompt written notice of the filing of this Notice of Removal to all adverse parties and will file a copy of it with the Clerk of the 193rd Judicial District Court of Dallas County.

## II.
## BASIS FOR FEDERAL JURISDICTION

9.   28 U.S.C. § 1441 allows for the removal of any civil action in a state court which the district courts of the United States have original jurisdiction.  This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, which provides that district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

10.   Removal of this case is based upon claims arising under federal law and which involve federal questions.  In his Original Petition, Plaintiff alleges that Defendant unlawfully discriminated against him on the basis of disability (by failing to accommodate Plaintiff's alleged disability) and age.  *See* APP. 3-9.  Notably, Plaintiff also alleges and asserts claims that Defendant unlawfully retaliated against him following his assertion and receipt of protected FMLA leave, and the associated short-term disability leave he took concurrently with his FMLA leave.  *See* APP. 3-9.  By way of example, Plaintiff alleges that he "had an emergency health event, which necessitated taking *emergency medical leave. Plaintiff was granted FMLA leave*, and short-term disability leave."  *See* APP. 5, ¶ 14 (emphasis added).  Though Plaintiff does not specifically plead the statute(s) under which he brings these claims, in an apparent effort to avoid federal court, Plaintiff's Original Petition repeatedly relies upon these assertions and his protected leave status.

11.   Plaintiff does, of course, plead that he met the administrative prerequisites to his claims by duel filing his charge of discrimination with the EEOC and TWC (though he

provides no support for his statement). *See* APP. 4, 5, ¶¶ 12, 18.  The EEOC exists to enforce federal equal employment opportunity laws. 42 U.S.C. § 2000e-4.  Accordingly, Plaintiff's claims also arise under Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626, and the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., which prohibit such conduct. 42 U.S.C. § 2000e-2.

12.     Because Plaintiff's claims arise under the laws of the United States, this Court has original jurisdiction under 28 U.S.C. § 1331 and removal jurisdiction under 28 U.S.C. § 1441(a). The Court may properly exercise jurisdiction over any pendant state-law claim pursuant to 28 U.S.C. § 1446(c).

### III.
### CONCLUSION & PRAYER FOR RELIEF

Pursuant to 28 U.S.C. § 1331, this Court is vested with original jurisdiction over this matter such that removal is proper.  Accordingly, and for the reasons set forth above, Defendant respectfully requests that the Court assume jurisdiction over this action and proceed with its handling as if it had been filed initially in the United States District Court of the Northern District of Texas, Dallas Division.

          Respectfully submitted,

By:   */s/ Russell Zimmerer*
      Russell Zimmerer
      State Bar No.  24063988
      Jamie Lauren Strickler
      State Bar No.  24071192
      LITTLER MENDELSON, P.C.
      2001 Ross Avenue
      Suite 1500, Lock Box 116
      Dallas, Texas 75201.2931
      Telephone:  (214) 880-8100
      Telecopy:  (214) 880-0181
      rzimmerer@littler.com
      jstrickler@littler.com

**ATTORNEYS FOR DEFENDANT
GREYHOUND LINES, INC.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been served on counsel of record, according to the Federal Rules of Civil Procedure, on March 29, 2017.

Edith K. Thomas
LAW OFFICES OF EDITH K. THOMAS, PLLC
777 Main Street, Suite 600
Fort Worth, Texas 76102
Telecopy: (972) 692-7988
edith@ediththomaslaw.com

*Attorneys for Plaintiff*

          */s/ Russell Zimmerer*
          Russell Zimmerer
          Jamie Lauren Strickler